UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DIROFF,

        Plaintiff,

v.

OAKWOOD HEALTHCARE, INC.,
a Michigan corporation,

        Defendant.

Case No.  2016-cv-

Judge:

Magistrate:

_____

Charlotte Croson (P56589)
NachtLaw, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
ccroson@nachtlaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Mark Diroff, by and through his attorneys, NachtLaw, P.C., hereby alleges as follows:

### Parties, Jurisdiction, and Venue

1. This is an action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act.

2. This Court has jurisdiction pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 626(c) (ADEA); 42 U.S.C. § 2000e-5(f)(3); Title VII 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims of discrimination in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*. (ELCRA).

3. Defendant OAKWOOD HEALTHCARE, INC., is a Michigan corporation conducting business Wayne County, Michigan, within the Eastern District of Michigan, and has continuously had more than 20 employees at all relevant times.

4. Plaintiff, Mark Diroff, is a resident of the City of Southgate, Wayne County, Michigan, within the Eastern District of Michigan.

5. Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 621 *et seq* as this is the judicial district in which the unlawful employment practices occurred, the relevant employment records are kept, and Defendant's principal places of business are located.

6. Defendant is an employer and Plaintiff was its employee within the meaning of the ADEA, Title VII, and the ELCRA.

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his age (61 years old) and timely amended his charge to allege discrimination on the basis of his sex.

2

8.      Plaintiff's charge was within 300 days of the commission of the unlawful employment practices alleged in this claim.

9.      Plaintiff received his notice of right to sue on or about October 1, 2016, and he has filed this complaint within 90 days of receiving her notice of rights.

## GENERAL ALLEGATIONS OF FACT

10.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

11.     Plaintiff is male and a member of a protected class based on his sex under Title VII.

12.     Plaintiff began his employment with Defendant on or about March 10, 2008 and was employed by Defendant as a Psychiatric Social Worker at Beaumont Hospital Taylor.

13.     At all times relevant hereto, Plaintiff performed his job diligently and with a high degree of competence.

14.     On October 23, 2015, effective September 17, 2015, Defendant suspended Plaintiff for alleged violation of work rules.

15.     On October 28, 2105, effective October 23, 2015, Defendant terminated Plaintiff for alleged violation of work rules

16.     At the time of his termination, Plaintiff was 61 years of age and is a member of a protected class under the ADEA.

17.    Other employees who were younger than Plaintiff and/or female engaged in the same or similar conduct as Plaintiff as alleged against Plaintiff.  They were not disciplined or terminated.

18.    Other employees who were younger than Plaintiff and/or female engaged in engaged in more egregious conduct than Plaintiff.  A younger, female Psychiatric Social Worker allowed her license to lapse and worked for many months without an active license.  She was not disciplined or terminated.

### Count I – Age Discrimination in Employment Act

19.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

20.    While employed by Defendant Plaintiff was subjected to age discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the ADEA, 29 U.S.C.A. §§ 621, *et seq*.

21.    Defendant by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

22.    Defendant subjected Plaintiff to disparate treatment because of his age, said acts being made unlawful by the ADEA, 29 U.S.C.A. §§ 621, *et seq*.  Such acts include, but are not limited to suspension and termination.

23.    Defendant, by and through its agents, servants and/or employees violated the ADEA by the following acts:

4

a. Terminating or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of age;

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age;

c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege of employment, including a benefit plan or system;

d. Creating a hostile work environment on the basis of Plaintiff's age; and/or

e. Failing to provide a work environment free from age discrimination.

24. Defendant's actions in violation of the ADEA were willful.

25. As a direct and proximate result of Defendant's violation of the ADEA as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

26. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## Count II – Elliott Larsen Civil Rights Act Age Discrimination

27. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

28. While employed by Defendant Plaintiff was subjected to age discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

29. Defendant by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

30. Defendant subjected Plaintiff to disparate treatment in whole or in part because of his age, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.  Such acts include, but are not limited to suspension and termination.

31. Defendant, by and through its agents, servants and/or employees violated the ELCRA by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of age;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age;

6

c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege of employment, including a benefit plan or system;

d. Creating a hostile work environment on the basis of Plaintiff's age; and/or

e. Failing to provide a work environment free from age discrimination.

32. As a direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

33. As a further direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

### Count III – Sex Discrimination in Violation of Title VII

34. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

35.     While employed by Defendant Plaintiff was subjected to sex discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by Title VII, 42 U.S.C. § 2000e, *et seq.*

36.     Defendant by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

37.     Defendant subjected Plaintiff to disparate treatment in whole or in part because of his sex, said acts being made unlawful by Title VII, 42 U.S.C. § 2000e, *et seq*.  Such acts include, but are not limited to suspension and termination.

38.     Defendant, by and through its agents, servants and/or employees violated Title VII by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system;

   d. Creating a hostile work environment on the basis of Plaintiff's sex; and/or

   e. Failing to provide a work environment free from sex discrimination.

8

39. As a direct and proximate result of Defendant's violation of Title VII., as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

40. As a further direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## Count IV – Elliott Larsen Civil Rights Act Sex Discrimination

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

42. While employed by Defendant Plaintiff was subjected to sex discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

43. Defendant by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

44. Defendant subjected Plaintiff to disparate treatment in whole or in part

9

because of his sex, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq. Such acts include, but are not limited to suspension and termination.

45. Defendant, by and through its agents, servants and/or employees violated the ELCRA by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system;

   d. Creating a hostile work environment on the basis of Plaintiff's sex; and/or

   e. Failing to provide a work environment free from sex discrimination.

46. As a direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

47. As a further direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, Plaintiff has been placed in financial distress and has

suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff, Mark Diroff, prays that this Honorable Court grant the following remedies:

a.   Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADEA, Title VII, and Michigan's ELCRA;

b.   Award Plaintiff all lost wages, past and future, to which he is entitled;

c.   Award Plaintiff compensatory damages;

d.   Award Plaintiff punitive and exemplary damages;

e.   Award Plaintiff reasonable attorney's fees, costs, and interest;

f.   Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and all relief requested in this complaint.

Respectfully submitted,

NACHTLAW, PC

/s/ *Charlotte Croson*
Charlotte Croson (P56589)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
Dated:  December 28, 2016       ccroson@nachtlaw.com

11

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK DIROFF,

        Plaintiff,

v.

OAKWOOD HEALTHCARE, INC.,
a Michigan corporation,

        Defendant.

Case No.  2016-cv-
Judge:
Magistrate:

_____

Charlotte Croson (P56589)
NachtLaw, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
ccroson@nachtlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Mark Diroff, by and through his attorneys, NachtLaw, P.C., hereby

demands a trial by jury on all claims pled herein.

Respectfully submitted,
NACHTLAW, PC

/s/ *Charlotte Croson*
Charlotte Croson (P56589)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
Dated:  December 28, 2016     ccroson@nachtlaw.com